IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN KEITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-1317-D |
| VS. | § | |
| | § | |
| J.D. BYRIDER SYSTEMS, LLC F/K/A | § | |
| J.D. BYRIDER SYSTEMS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants J.D. Byrider Systems, LLC f/k/a J.D. Byrider Systems, Inc. and Byrider Sales of Indiana S, LLC f/k/a Byrider Sales of Indiana S, Inc. move for leave to designate an expert witness after the deadline. For the reasons that follow, the court denies the motion.

I

Because the background facts and procedural history are set out in the court's prior memorandum opinions and orders, *Keith v. J.D. Byrider Systems, LLC*, 2014 WL 5148124, at *1 (N.D. Tex. Oct.14, 2014) (Fitzwater, C.J.), 2015 WL 3539555, at *1 (N.D. Tex. June 5, 2015) (Fitzwater, J.), and 2016 WL 6139098, at *1 (N.D. Tex. Oct. 20, 2016) (Fitzwater, J.) ("*Keith III*"), the court will focus on what is pertinent to the present decision.

Under the amended scheduling order, the deadline to designate expert witnesses was December 1, 2015, and the deadline to designate rebuttal experts was January 15, 2016. The deadline for completing discovery and filing a joint estimate of trial length and status report, and the deadline for filing a summary judgment motion and a motion not otherwise

covered—after being extended on defendants' motion—were set as May 1, 2016 and June 1, 2016, respectively. Plaintiff Marvin Keith ("Keith") disclosed several nonretained experts, who did not submit reports. Defendants did not designate expert witnesses.

The trial of this case was previously set for the December 5, 2016 two-week docket. In October 2016 the court denied defendants' motion for summary judgment on Keith's sole remaining claim. *See Keith III*, 2016 WL 6139098, at *4. Defendants filed the instant motion on November 1, 2016. The court, on its own initiative, later reset the trial for the April 3, 2017 two-week docket.

II

When deciding whether to allow late designation of an expert witness, the court's discretion is guided by four factors: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Wright v. Blythe-Nelson*, 2001 WL 804529, at *2 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). When, as here, the scheduling order prescribes the timeline for expert witness designation, the district court has "'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Geiserman*, 893 F.2d at 790 (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

III

A

The court initially considers defendants' explanation for designating an expert witness after the deadline. Defendants maintain that the "Court did not issue its Order on Byrider's Motion for Summary Judgment until October 20, 2016." Ds. Br. 6. Defendants also appear to argue that their request for late designation is explained by Keith's choice not to designate a retained expert whose opinions could be rebutted.

Keith responds that defendants have no good explanation for the late expert designation, which came approximately ten months after the deadline. He also maintains that the denial of summary judgment is not a basis to nullify the deadline to designate experts. And Keith points out that he designated nonretained experts, but defendants chose not to make a responsive designation until now.

Given that defendants have not produced a satisfactory explanation for waiting until now to designate an expert, the court concludes that this factor weighs against granting leave.

B

The court next considers the importance of the testimony that defendants seek to introduce. Defendants maintain that their proposed expert is highly qualified to opine about Keith's claim, and will thus assist the trier of fact.[1] They argue that expert testimony is useful when the issue involves matters beyond the jurors' common understanding, which

---

[1] Defendants offer two alternative experts because of scheduling uncertainty, but ultimately intend to designate one.

- 3 -

they contend is the case with Keith's claim relating to securitized transactions.

Keith responds that defendants have not established the expert's importance to their case. Although defendants cite a decision that reversed the district court's exclusion of late-designated experts, in that case the excluded experts were the party's only support for an essential element on which the party had the burden of proof. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007). But here, as Keith points out, defendants can only contend that the expert will be helpful; they do not suggest that he is essential.

Under these circumstances, the court concludes that the importance of the testimony is either neutral or weighs against granting leave.

C

The court now turns to the potential prejudice to Keith in allowing defendants to designate an expert. Defendants suggest that their proposed expert will not prejudice Keith because the expert's insight will "aid in the effective and fair adjudication of this case," Ds. Br. 8; they contend that the trial continuance to April 2017 eliminates prejudice by giving Keith time to prepare; and they maintain that any additional expense that Keith might incur from the late designation will be no greater than if the designation had been timely.

Keith responds that he will be prejudiced by the expert designation because it will require reopening discovery and disrupting his existing case preparation. Keith contends that allowing the expert designation could require him to file a *Daubert* challenge or designate rebuttal experts of his own. He posits that, at this stage in the case, with dispositive motions already concluded and trial preparation underway, permitting any new expert designation by

defendants would significantly prejudice him.

The court finds, largely from the reasons on which Keith relies, that he would suffer at least some prejudice from granting defendants leave to designate an expert. This factor weighs against granting leave

D

The court next considers the availability of a continuance to cure any prejudice. Defendants argue that a continuance is the preferred course of action when a party requests to untimely designate an expert witness. *See Betzel*, 480 F.3d at 708. They also maintain that Keith may have adequate time to respond to a new expert with no continuance at all.

Keith responds that a continuance would not resolve the prejudice to him. He contends that granting leave, much less a continuance, would essentially reward defendants for dilatory conduct. He also maintains that competing interests make a continuance unattractive, such as the interest in enforcing scheduling orders and local rules, and maintaining a deterrent against disregarding them. *See Betzel*, 480 F.3d at 709 (citing *1488 Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991)).

The court finds that a continuance to permit defendants to make a late designation of an expert would unacceptably disrupt the progress of the case and Keith's preparation for trial.

E

Considering the four factors holistically, the court finds that defendants have not demonstrated good cause to modify the scheduling order to permit late designation of an

expert witness. Defendants have failed to offer a satisfactory explanation for not timely designating an expert. And their characterization of the expert's importance relates primarily to the expert's qualifications and Keith's lack of an expert rather than to the role of expert evidence in defendants' case. The prejudice to Keith from granting leave, with or without a continuance, would be significant.[2] The four factors on balance weigh against permitting the late expert designation.

\* \* \*

Accordingly, the court denies defendants' motion for leave to designate an expert witness.

**SO ORDERED**.

December 29, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] Although in reaching this decision the court has assumed that the case will be tried at the April 3, 2017 setting, the court must advise the parties and their counsel that, unfortunately, this court's civil docket has been adversely impacted by the loss of judges in the Dallas Division and its increased responsibilities for criminal cases in this division and in the Amarillo Division. Because criminal cases take precedence over civil cases, this has adversely impacted recent civil trial dockets. While the court will make every effort to reach this case for trial, these circumstances may adversely affect those efforts.